UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 08-20857-CIV-UNGARO/O'SULLIVAN

MARIA ISABEL RODRIGUEZ )
    Plaintiff, )
vs. )
 )
XIOMARA'S GARDEN, INC. )
XIOMARA E. COSTA )
    Defendants )
 )
 )

### PLAINTIFF/COUNTER DEFENDANT'S MOTION TO DISMISS COUNTER-CLAIM/PETITION

COMES NOW Plaintiff/ Counter Defendant ("Plaintiff"), through the undersigned, and moves the Court to Dismiss Defendant/ Counter Plaintiffs ("Defendants") entire Counterclaim (incorporated into DE# 12, and 13) as follows:

1. This is a Fair Labor Standards Act ("FLSA") matter, pursuant to which Plaintiff seeks all unpaid minimum and overtime wages along with costs and fees.

2. Defendants' Answer (DE# 12 and 13) incorporates a Counterclaim/ Petition under paragraph #13, for reasonable attorney's fees and costs.

3. Defendants Counterclaim/ Petition should be dismissed pursuant to 29 U.S.C. 216 (b) which states in part "The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." It does not state that Defendant can recover reasonable attorney's fees and costs.

1

4. Rule 11 of the Federal Rules of Civil Procedure, provides the appropriate vehicle, should Defendant be able to prove the necessary elements contained in its Counterclaim/Petition.

**MEMORANDUM OF LAW**

Motion to Dismiss Standard.

In deciding a motion to dismiss, the Court accepts the facts of the complaint as true in a light favorable to the non-moving party. *Clifton v. Kinney*, 2006 U.S. Dist. Lexis 85256, *1 (M.D. Fla. 2006), *citing Magluta v. Samples*, 375 F.3d 1269, 1273 (11th Cir. 2004), *citing Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). To succeed on their Motion to Dismiss, pursuant to the applicable standard of review, Plaintiff in the case at bar must demonstrate "beyond doubt" that "no set of facts" could entitle Defendants to relief. *75 Acres, LLC v. Miami-Dade County*, 338 F.3d 1288, 1293 (11th Cir. 2003).

The Eleventh Circuit has found that under "29 U.S.C. § 201 *et seq.* Section 216(b) of the Act makes fee awards mandatory for prevailing plaintiffs." *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. Fla. 1985) citing *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 420 (U.S. 1978). "Unlike other legislation which authorizes fee awards to prevailing parties, the Fair Labor Standards Act does not specifically provide attorney's fees to prevailing defendants." *Kreager* at 3.

The decision went on to state:

> Similarly, Fed.R.Civ.P. 11 directs attorneys and pro se litigants to certify that their pleadings and motions are neither frivolous, vexatious nor dilatory. Rule 11 imposes disciplinary sanctions that allow the targets of vexatious

>frivolous claims to recover their costs and attorney's fees from recalcitrant attorneys and litigants. Therefore, in certain limited instances, a litigant may recover its costs and attorney's fees.

*Id*. at 5.

In the present case, Defendants state that they seek to recover "reasonable attorney's fees and costs incurred as a result of the instant frivolous litigation." As mentioned above, the Fair Labor Standards Act does not provide for the prevailing Defendants attorney fees and costs, rather the basis for their Counterclaim would seem to be more proper if filed under Rule 11. As such, Defendants Counterclaim has no statutory basis even when viewed in the light most favorable to their position and no set of facts would entitle Defendants to the relief sought under the Fair Labor Standards Act. Therefore, Defendants Counterclaim should be dismissed in its entirety.

WHEREFORE, Plaintiff requests that Defendants claim for attorney's fees and costs be dismissed in its entirety.

**Respectfully submitted,**

**DANIEL T. FELD, ESQ.**
**J.H. ZIDELL, P.A.**
**ATTORNEY FOR PLAINTIFF**
**300 71ST STREET, #605**
**MIAMI BEACH, FLA. 33141**
**PH: 305-865-6766**
**FAX: 305-865-7167**
**EMAIL: DANIELFELD.ESQ@GMAIL.COM**
**F.B.N. 0037013**

BY:____/s/ Daniel T. Feld_____
        **DANIEL T. FELD, ESQ.**

**CERTIFICATE OF SERVICE:**
**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM WAS SENT VIA CM/ECF ON AUGUST 8, 2008 TO:**

**MARIA PEREZ, ESQ.**
**145 MADEIRA AVE.**
**CORAL GABLES, FL 33134**
**FAX: 305-461-3444**

**BY:     /s/ Daniel T. Feld**
**DANIEL T. FELD, ESQ.**